FILED

12 APR -5 AM 10: 17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. STEWART,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAINT VINCENT DE PAUL; STUDIO 15; JESUS GONZALEZ; and OFFICER SUPERVILL,<br><br>　　　　Defendants. | CASE NO. 12-cv-597 – BEN (KSC)<br><br>ORDER:<br><br>(1) DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2];<br><br>(2) DISMISSING COMPLAINT; and<br><br>(3) DENYING AS MOOT PENDING MOTIONS, [Doc. Nos. 4, 6]. |

　　　　Plaintiff Michael L. Stewart, proceeding *pro se*, has filed a complaint alleging violation of his civil rights as a result of Defendants' alleged policy prohibiting him from assembling on a public sidewalk. [Doc. No. 1.] Plaintiff has not paid the $350 civil filing fee required to commence this action, but has filed a motion to proceed *in forma pauperis*. [Doc. No. 2.] Plaintiff also filed a motion to "add names of defendants" in this and in the related action, *Stewart v. Saint Vincent de Paul*, Case No. 12-cv-00642-BEN-KSC, and a request to have filings and orders in this case deemed as though they are filed in both this case and in the related case. [Doc. Nos. 4, 6.] For the reasons set forth below, the Court **DENIES** the motion to proceed *in forma pauperis*, **DISMISSES** the complaint for failure to pay the filing fee, and **DENIES AS MOOT** all pending motions.

## DISCUSSION

Parties instituting any civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "All actions sought to be filed in forma pauperis, pursuant to 28 U.S.C. § 1915, must be accompanied by an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security. This affidavit must consist of a declaration in support of request to proceed in forma pauperis." CIV. L.R. 3.2(a). In considering a non-prisoner's request to proceed *in forma pauperis*, the Court may, in its discretion, "impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay." CIV. L.R. 3.2(d); *see also Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) ("Although it is not axiomatic, the greater power to waive all fees includes the lesser power to set partial fees."). "When determining the ability of an in forma pauperis plaintiff to pay a partial filing fee, the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993); *see also* CIV. L.R. 3.2(e) ("In order to qualify for a [partial fee] waiver, the person must justify depletions of the previously adequate account or income history to show that the depletion was not a deliberate attempt to avoid payment of initial filing fees.").

In this case, Plaintiff's declaration in support of his motion to proceed *in forma pauperis* indicates that he is not currently incarcerated. It further indicates that although Plaintiff is currently unemployed, he does receive monthly disability payments totaling $950.00. Plaintiff has a checking account, with a present balance of "$0.00." Plaintiff indicates that he owns a 2001 Mercedes s430, which is financed, with $10,000.00 still owed. Plaintiff indicates that there are no persons that depend on him for support. Finally, Plaintiff lists the following as his current obligations (which the Court assumes refer to monthly payments): car payment—$460.00; insurance—$160.00; phone—$95.00; storage—$60.00; credit card—$40.00; laundry—$50.00; gas—$150.00; and food—$50.00.

///

Having reviewed Plaintiff's declaration in support of his motion, the Court finds it insufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. In reaching this decision, the Court is mindful, of course, that the imposition of a filing fee should not take an individual's last dollar. *See Olivares*, 59 F.3d at 112 ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar."). Nonetheless, considering all of the information submitted by Plaintiff, the Court is not convinced that, "because of poverty, there is an inability to pay the initial costs of the proceedings or give security therefore." *See* CIV. L.R. 3.2(a)(7). Accordingly, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. If Plaintiff believes that he is entitled to a partial fee waiver pursuant to Civil Local Rule 3.2(d), Plaintiff must submit a declaration requesting the same and detailing Plaintiff's current and past income and obligations. Any such declaration should be submitted within 21 days of the filing of this Order.

The Court **DISMISSES** the Complaint for failure to pay the filing fee. The Clerk of Court shall reopen the case if, within 21 days of the filing of this Order, Plaintiff pays the $350 filing fee.

All of Plaintiff's pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: April ___, 2012

Honorable Roger T. Benitez
United States District Judge